Barry L. Arbuckle Valley Center City Attorney 106 W. Douglas, Suite 923 Wichita, Kansas 67202
Dear Mr. Arbuckle:
As City Attorney for the City of Valley Center, a city of the second class, you inquire whether the City can charter out of the petition requirement in K.S.A. 41-302 which authorizes cities to present the question of licensing the retail sale of packaged alcoholic liquor to city electors upon submission of a valid petition.
The Director of Alcoholic Beverage Control is prohibited from issuing licenses to sell packaged alcoholic liquor within the corporate limits of a city of the first or second class whose electors voted initially against the adoption of the amendment to Section 10, Article 15 of the Kansas Constitution[1] until " a majority of the qualified electors . . . voting at an election held as provided by K.S.A. 41-302," vote in favor of licensing the retail sale of packaged alcoholic liquors in the city.[2]
K.S.A. 41-302 provides, in part, as follows:
 "(a) The question of licensing the retail sale of alcoholic liquors by the package shall be submitted by the governing body of any city at any regular general city election occurring in such city whenever a petition requesting such submission has been filed with the city clerk of any such city as hereinafter provided.
 "In cities of the first and second class, any such petition shall be signed by such number of electors of such city which equals 30% or more of the total vote cast in such city at the last general election for the office of secretary of state. . . .
 "Such petition shall be filed not less than 40 nor more than 60 days prior to the date of the election. . . .
 "(b) Upon the ballot the proposition shall be stated as follows: "Shall the sale of alcoholic liquors by the package be licensed in (here insert the name of the city)? ___ yes ___ no
 "(c) Upon the filing of a sufficient petition, the governing body shall call any election required by this section and notice of such election shall be given in the manner provided by the general bond law. The provisions of the laws of this state relating to election officers, voting places, election places and blanks, preparation and form of ballots, information to voters, delivery of ballots, calling of elections, conduct of elections, manner of voting, counting of votes, records and certificates of election, and recounts of votes, so far as applicable, shall apply to voting on the proposition under the provisions of this act.
 "(d) The majority of those voting on the proposition shall be mandatory upon the director insofar as licensing the sale of such liquors therein by the package is concerned."[3]
The charter ordinance in question opts out of the petition requirement in sections (a) and (c) of K.S.A. 41-302 and, instead, gives the governing body the option of presenting the question to the voters:
 "Section Two: The Valley Center, Kansas, city election option to allow the licensing of the sale of alcohol (sic) liquor by package as provided for by Kansas Statutes Annotated 41-301 and subsection (b) and (d) of Kansas Statutes Annotated 41-302, shall be exercised by the Valley Center, Kansas City Council, in general election years only, enacting an ordinance calling for such a city option election with the proposition on the ballot to be stated as follows:
 "Shall the sale of alcoholic liquors by package be licensed in the City of Valley Center Kansas? ___ yes ___ no
 "Section Three: Upon the passage of such ordinance calling for such a city option election as provided for in Section Two . . . and subsections (b) and (d) of [K.S.A.] 41-302, the governing body of the City . . . shall call the election required by section two . . . and notice of such election shall be given in the manner provided by the general bond law. The provisions of the laws of Kansas, relating to election officers, voting places, election places and blanks, preparation and form of ballots, information to voters, delivery of ballots, calling of elections, conduct of elections, manner of voting, counting of votes, records and certificates of election, and recounts of votes, so far as applicable, shall apply to voting on the proposition under the provisions of this ordinance."[4]
K.S.A 41-302 is part of the Liquor Control Act (Act).[5] The Kansas Supreme Court decided recently, in State of Kansas, ex rel. Kline v. TheUnified Board of Comm'r of the Unified Government of WyandotteCounty/Kansas City, Kansas,[6] that the Act does not apply uniformly to all cities, and, therefore, a city may charter out of the Act. Applying the holding of this decision to the charter ordinance at issue here, the City may opt out of K.S.A. 41-302.
This conclusion, however, does not end our analysis because we must decide whether county election officials can hold a binding election pursuant to an ordinance calling for such election. Our dilemma is thatKline clearly allows cities to opt out of the petition requirement of K.S.A. 41-302 but appellate court decisions require counties to hold elections only in accordance with constitutional or statutory authority.[7]
In Blevins v. Board of County Com'rs of County of Douglas,[8] the Court concluded that counties may hold binding elections only "in accordance with statutory authority set out by the legislature."[9]Blevins addressed whether Douglas County could hold a binding election regarding the issuance of bonds for a trafficway. Finding no statutory election requirement, the Court concluded that any election held would be advisory only.
We are also mindful of appellate court decisions that nullify election results where the presentation of a petition is a prerequisite to holding an election. In Board of County Comm'r of Greeley County v. Davis,[10]
the Court nullified an election for a proposed bond issue to build a county high school in the absence of a petition which was a condition precedent to the calling of an election by the county commissioners.
 "Statutes of this description usually make the presentation of a petition to some local authority the initial step for holding such election; and, where a statute provides for the calling of a special local election to vote upon a proposition to determine some question, such as . . . the licensing and sale of spiritous liquors . . . upon the presentation of a petition to a designated officer . . . the presentation of such petition is a condition precedent to holding an election; and it must be signed by the number of qualified persons prescribed by the statute, otherwise the election will be void."[11]
Our research uncovered one Attorney General opinion addressing a situation where a charter ordinance called for an election. In Opinion No. 85-152, Attorney General Robert T. Stephan considered the propriety of a charter ordinance changing a statutorily required city election to acounty-wide election on the issue of a public building commission issuing revenue bonds. When the opinion was issued, K.S.A. 12-1761 was a nonuniform statute authorizing an election by city electors upon the filing of a protest petition. In such event, the Board of the Public Building Commission was authorized to call an election.
The charter ordinance enlarged the electorate to include county voters upon the filing of a protest petition and required the county to call the election. Because the charter ordinance required another political subdivision [i.e. the county] to conduct a countywide election, Attorney General Stephan opined that the ordinance exceeded the city's home rule authority to address its "local affairs and government:"[12]
 "Our concern, therefore, is fundamental: May a board of county commissioners derive the authority to call and conduct an election in the county from a city home rule charter ordinance? In our opinion, an affirmative answer to this question is not possible given the limitations of city home rule and the general principles of election law. . . . [W]e do not believe that the home rule legislative authority of a city is sufficiently broad to permit it to authorize or regulate the decision of a distinct political subdivision regarding the conduct of an election."[13]
However, it appears that General Stephan's concern was the charter ordinance's attempt to: (1) require the county to call the election in the absence of statutory authorization to do so; and (2) expand the franchise to include county voters.[14]
This is not the situation presented here. While the charter ordinance authorizes the city to call the election, it would have been authorized to do so pursuant to K.S.A. 41-302(c).[15] Both the charter ordinance and K.S.A. 41-302(c) require the election to be conducted according to the statutory provisions relating to election officers, voting places, election places and blanks, preparation and form of ballots, information to voters, delivery of ballots, calling of elections, conduct of elections, manner of voting, counting of votes, records and certificates of election, and recounts.[16] In short, county election officials would not be required to do anything other than what K.S.A. 41-302 would have required in terms of the conduct of the election itself.
Clearly, the law is unsettled and reasonable minds could differ whether county election officials are required to conduct a binding election on the authority of an ordinance chartering out of the petition requirement of K.S.A. 41-302. However, in light of Kline and the dearth of Kansas appellate court decisions on this issue, we think the better approach is to allow county election officials to conduct a binding election[17]
pursuant to an ordinance chartering out of the petition requirement of K.S.A. 41-302 provided the ordinance does not impose duties with regard to the conduct of the election not required by the statute. Assuming that an election is held in conformity with the election requirements of K.S.A. 41-302, the Director of Alcoholic Beverage Control shall be bound by the results.[18]
Sincerely,
 PHILL KLINE Attorney General of Kansas
 Mary Feighny Assistant Attorney General
PK:JLM:MF:jm
[1] "The Legislature may regulate, license and tax the manufacture and sale of intoxicating liquors, and may regulate the possession and transportation of intoxicating liquors."
[2] K.S.A. 41-301. Emphasis added.
[3] Emphasis added.
[4] Emphasis added.
[5] K.S.A. 41-101 et seq.
[6] Kansas Supreme Court, No. 90,578 (March 19, 2004). See City ofJunction City v. Griffin, 227 Kan. 332 (1980).
[7] State ex rel. Aylward v. Kerns, 210 Kan. 579; Attorney General Opinions No. 96-74, 85-152, 79-44.
[8] 251 Kan. 374 (1992).
[9] Id. at 382. The Blevins opinion cites K.S.A. 2003 Supp. 19-101a(a)(7) as authority for the proposition that counties may hold elections only when authorized by statute. K.S.A. 2003 Supp. 19-101a(a)(7) provides: "Counties shall be subject to all acts of the legislature concerning elections, election commissioners and officers and their duties as such officers and the election of county officers." Attorney General Opinions issued prior to Blevins limited county action regarding only "the manner of how an election is to be held." Attorney General Opinion Nos. 84-5, 81-243, 79-47, 76-44. In light of Blevins and the lack of appellate court decisions supporting this interpretation, the conclusion may be unfounded.
[10] 99 Kan. 1 (1916).
[11] Id. at 5. Emphasis added. See 29 C.J.S. Elections § 66; 26 Am.Jur.2d Elections § 278 ("There is no inherent right in the people . . . to hold an election for any purpose. Accordingly, an election held without affirmative constitutional or statutory authority, or contrary to a material provision of the law, is a nullity, notwithstanding the fact that such election was fairly and honestly conducted.")
[12] Kan. Const., Art. 12, § 5(b) ("Cities are hereby empowered to determine their local affairs and government. . .")
[13] Emphasis added.
[14] "We have no difficulty in concluding that [the charter ordinance requires the county to call the election.]
[15] "(c) Upon the filing of a sufficient petition, the governing body shall call any election required by this section and notice of such election shall be given in the manner provided by the general bond law."
[16] K.S.A. 41-302(c); City of Valley Center Charter Ordinance, Section Three.
[17] Such an election would be conducted as a "question submitted election" pursuant to K.S.A. 25-2104.
[18] K.S.A. 41-302(d).